**LAW OFFICES OF**
**NATALI J.H. TODD, P.C.**

---

**NATALI J.H. TODD**                                                                 **26 COURT STREET**
**MEMBER: NY & MA BAR**                                                                       **SUITE 413**
                                                                          **BROOKLYN, NY 11242-1134**

---

Tel:  718-797-3055
Fax: 718-504-3900
E-mail: *natali_todd@yahoo.com*
www.natalitoddlawyer.com

February 23, 2023

<u>By ECF and Email</u>
Probation Officer Steven S. Gutman
U.S. Probation Department
Eastern District of New York
147 Pierrepont Street
Brooklyn, NY 11201

      Re:    *U.S. v. Timothy Amerman, 21 Cr. 126 (DLI)*

Dear Mr. Gutman:

      On behalf of Mr. Amerman, I write to object to your assessment of one criminal history point in PSR ¶32.  In 2018, Mr. Amerman was sentenced to a fine and a 90-day license suspension for violating New York's Vehicle and Traffic Law – Driving While Ability is Impaired by the consumption of Alcohol (V.T.L. §1193(1).  This is a traffic infraction and a violation of civil vehicular law, not a violation of the criminal code.

      In *United States v. Potes-Castillo*, 638 F.3d 106 (2011), the Second Circuit held that a violation of New York's driving while ability impaired should not be counted toward one's criminal history calculation if it is similar to an offense listed in U.S.S.G. §4A1.2(c)(1).  "If the conduct of a conviction was serious enough to warrant a sentence of more than a year of probation or at least thirty days in prison, then the section 4A1.2(c)(1) exception will not apply."  *Potes-Castillo* at 112.  The Court held that "non-felony driving while ability impaired sentences should be treated like any other misdemeanor or petty offense sentence not excluded by section 4A1.2(c)(2).  Such sentences are counted in the criminal history calculation unless section 4A1.2(c)(1)." *Id*.  at 114.  The *Potes-Castillo* Court rejected the application of Application Note 5.  See also *United States v. Parades*, 185 F. Supp.3d 287 (2016) (Judge Weinstein holding that the defendant's DWAI violation may not be counted toward his criminal history).

**LAW OFFICES OF**
**NATALI J.H. TODD, P.C.**

---

*U.S. v. Timothy Amerman, 21 Cr. 126 (DLI)*

      Accordingly, Mr. Amerman's Criminal History Score should be I and his estimated guideline range should be 30-37 months.

Respectfully,
*N. Todd*
Natali Todd, Esq.

cc:    Clerk of Court (DLI) by ECF and U.S. Mail
       AUSA Ian Richardson (by ECF and email)