UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

UNITES STATES OF AMERICA

        - against -                              Docket No.  21 Cr. 126 (DLI)

TIMOTHY AMERMAN,

                    Defendant.
------------------------------------------------------------x

**SENTENCING MEMORANDUM**
on behalf of TIMOTHY AMERMAN

                                                      LAW OFFICES OF NATALI J.H. TODD, P.C.
                                                        26 COURT STREET, SUITE 413
                                                        BROOKLYN, NEW YORK 11242
                                                        (718) 797-3055
                                                        email: *natali_todd@yahoo.com*

                                                        Natali J.H. Todd, Esq.
                                                        Attorney for Timothy Amerman

Law Offices Of
**Natali J.H. Todd, P.C.**

---

*U.S. v. Amerman, 21 Cr. 126 (DLI)*

Introduction

    This memorandum is submitted to assist the Court in imposing a reasonable and fair sentence pursuant to Rule 32(f) of the Federal Rules of Criminal Procedure on behalf of Mr. Timothy Amerman. Mr. Amerman is hopeful that once the Court examines his role in the offense, his acceptance of responsibility, his background and social history, both prior to, and subsequent to his involvement in the charged crime, as well as the goals of sentencing, that the Court will find that a sentence of time served is a reasonable sentence, pursuant to the Court's authority under *U.S. v. Booker*, 534 U.S. 220 (2005), and the applicable sections under 18 U.S.C. §3553.

**Procedural History**

    Mr. Amerman was arrested on July 3, 2020 and charged in a criminal complaint with civil disorder and civil disorder conspiracy. Subsequent to his presentment on the complaint, he was released on bail with conditions, and has remained at liberty since his release. Pursuant to a plea agreement, Mr. Amerman pleaded guilty a single-count Information on March 26, 2021 to commit one count of Conspiracy to Commit Civil Disorder, in violation of 18 U.S.C. §371 and 18 U.S.C. §231(a)(3). Mr. Amerman is scheduled to be sentenced on May 5, 2023.[1]

---

[1] Mr. Amerman maintains his objection to the number of criminal history points assessed in P.S.R. ¶32, as discussed in his letter filed at docket entry #27 on February 23, 2023.

LAW OFFICES OF
**NATALI J.H. TODD, P.C.**

---

*U.S. v. Amerman, 21 Cr. 126 (DLI)*

### **Timothy Amerman's Personal History and Characteristics**

Now thirty-two years old, Mr. Amerman is a very different man today than the man who was arrested in July 2020, steeped in depression and attempting to navigate the grips of alcohol addiction that was the basis for his prior contacts with the criminal justice system. And although he has had his fair share of illicit drug use at various times during his life, alcohol was where he found comfort in response to many of his life's stressors. In fact, he had empty glass alcohol bottles in his recycled bin and provided those empty bottles to his co-conspirator to use them as projectiles during the 2020 New York City protests[2] against police brutality which has historically been a scourge in the black community. These protests throughout the country, was in response to the callous and public display of inhumanity that George Floyd, a black man, suffered at the hands of a white police officer, who stood casually on George Floyd's neck asphyxiating him with his boots for nine minutes, while Mr. Floyd begged for his life and cried for his mother. Now with the passage of time, deep reflection, counseling, and treatment for his alcohol abuse which has helped with his sobriety, Mr. Amerman wished he had done things differently and is deeply sorry for his participation in the charged crime.

Upon further reflection, Mr. Amerman believes his arrest forced him to address the difficulties he has had throughout his life, and with the help of pretrial services, he has been

---

[2] It bears mentioning that Mr. Amerman did not come to New York City during the protests and did not actually participate in the protests.

Law Offices Of
**NATALI J.H. TODD, P.C.**

---

*U.S. v. Amerman, 21 Cr. 126 (DLI)*

motivated to be consistent with his treatment and maintain sobriety. He has done well and is currently in a committed and healthy relationship with steady employment. Mr. Amerman's participation in his crime of conviction, is an aberration and a poor proxy for future behavior because we have almost three years since his arrest to examine his conduct. During these past three years, he has been a contributing member of society, gainfully employed, and is in a committed relationship with his girlfriend, Lauren, and is the father-figure to his girlfriend's two children who look to him for emotional and financial support, as well as guidance. In addition, he has had no supervision issues. P.S.R. ¶43.

  Mr. Amerman was born in Kingston, New York, to parents who separated when he was approximately two years old and who provided no emotional support for him. He describes a lonely existence in a rural part of town with few neighbors, and spent most of his young life by himself and with his maternal great-grandmother who took care of him because his mother was "done with parenting." P.S.R. ¶41. Nevertheless, he remained close to his mother but had no relationship with his father who always made him feel he was not enough and none of his achievements were ever good enough. Mr. Amerman was mentally and verbally abused by his father throughout his life which caused him to question his self worth and experience low self esteem. Consuming drugs throughout his 20s (P.S.R. ¶¶56-58) helped to numb his feelings and pain. But alcohol was cheaper and easier to acquire and became his choice of drug up to the time of his arrest. It is no surprise that Mr. Amerman became an alcoholic because there is a history

**LAW OFFICES OF**
**NATALI J.H. TODD, P.C.**

---

*U.S. v. Amerman, 21 Cr. 126 (DLI)*

of alcohol abuse by his father and maternal uncle. P.S.R. ¶41.

 Since his arrest, Mr. Amerman's two older paternal siblings, who own and operate an electrical business together, have come together in support of him during this challenging time. He also has the full support of his mother as well. Although Mr. Amerman and his girlfriend, Lauren, have known each other for many years, their romantic relationship developed after his arrest in this case. She, like Mr. Amerman, is worried about the ultimate punishment that Mr. Amerman faces because of his relationship with her two young children, in particular his step-daughter who relies on him for comfort and emotional support because of her own personal struggles (P.S.R. ¶42-43), and the fact that he is a true supportive partner in the relationship and their family. Mr. Amerman enjoys his family.

 Prior to and during the pendency of this case, Mr. Amerman has worked legitimately at a number of places and presently works in the paint department at a hardware store in Kingston, New York. P.S.R. ¶¶67-75. He is also a skilled painter who approaches his work as an art-form, done with care and precision to the satisfaction of families whose homes he is able to make a positive difference in with the skill of his brush strokes. His girlfriend teaches autobody repair at the local Board of Cooperative Education Services (BOCES) facility. Their working hours are structured so that when the kids are home, either Mr. Amerman or his girlfriend is home to make sure they are properly supervised.

Law Offices Of
**Natali J.H. Todd, P.C.**

---

U.S. v. Amerman, 21 Cr. 126 (DLI)

<u>Offense Conduct</u>

Mr. Amerman makes no excuses for his conduct which is an aberration. In fact, prior to his arrest, he candidly admitted his participation in the offense conduct to law enforcement. In trying to understand where things went wrong given his inherent disagreement with anything violent, Mr. Amerman explains that he wanted to be on the right side of history but that his decision was made out of anger. The protest turning violent and visuals of cities burning was a low point for him and he is sure, many onlookers. He takes full responsibility for his participation and is grateful that the bottles if used as intended (projectiles) could have caused great harm to someone. He is grateful that the incendiary devises, which he did not sanction, did not cause any physical harm to another person. He is deeply sorry.

<u>Application of Title 18 U.S.C. 3553(a)</u>

Title 18 U.S.C. §3553(a) requires the court to "impose a sentence sufficient, but not greater than necessary," to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant, *inter alia*. The ultimate goal of the sentencing court is to find just punishment, consistent with objectives of Title 18 U.S.C. §3553(a).

It is not lost on Mr. Amerman, that his assistance and the act of his co-conspirator who threw a Molotov cocktail at a van, placed lives in danger and contributed to the chaos and out of control crowd that had assembled, not just to law enforcement, but to other peaceful protestors who got swept up in the lawlessness. He makes no excuses. He is however asking the Court to

**LAW OFFICES OF**
**NATALI J.H. TODD, P.C.**

---

*U.S. v. Amerman, 21 Cr. 126 (DLI)*

consider his wide-ranging acceptance of responsibility and all of his efforts during the last three years to make amends and to live a law-abiding life. Mr. Amerman is respectfully asking the Court to consider a sentence of time served as a fair and appropriate sentence.

## Conclusion

Mr. Amerman has shown tremendous growth and rehabilitation since his arrest in July 2020. He has demonstrated that he is not a danger to his community and has had no supervision issues. Based upon all of the circumstance of this case, and with due consideration to his personal background and social history, including his admission of guilt and fully accepting responsibility for his conduct, his characteristics post arrest, his successful efforts at rehabilitation, his important role as a parent to two young children who look to him for support and stability, and a supporting partner to his girlfriend, we respectfully request the imposition of a sentence of time served, which is a sentence that is not greater than necessary to punish him.

Thank you for your attention and consideration to this submission.

Respectfully,

/s/ *N. Todd*
Natali Todd, Esq.

cc:  Counsel of Record
     USPO Steven S. Gutman (by email)


Dated:  April 21, 2023
        Brooklyn, NY